BARKETT, Judge,
concurring specially.
I concur because of the binding precedent of Palm Beach Newspapers v. Burk, 471 So.2d 571 (Fla. 4th DCA 1985), although I think the correct view in this case is expressed by the dissents in Burk. The unique facts of this case underscore the reasoning in those dissents. Here, the State Attorney of the Fifteenth Judicial Circuit of Florida, David Bludworth, was deposed pursuant to Rule 3.220(d), Florida Rules of Criminal Procedure, in a pending criminal case at the request of the criminal defendant, John Hagler. Bludworth became a witness in the case as a result of the defendant’s allegations that the defendant was entrapped into selling cocaine when he offered to sell allegedly compromising photographs of the State Attorney. No written notice of the deposition was filed because the State and the defense lawyer had agreed to take the deposition “in secret” and not to order or file the transcript. Among other claims, the de *1345 fendant’s attorney had suggested the State Attorney had a conflict of interest while continuing to prosecute the case.
As is noted in Judge Hurley’s dissent in Burk, a major policy reason for open proceedings in the courts is “the public’s right to monitor the functioning of our courts, thereby ensuring quality, honesty, and respect for our legal system.” In the Matter of Continental Illinois Securities Litigation, 732 F.2d 1302, 1308 (7th Cir.1984). Agreements to bypass the rules, and to take secret depositions of the State Attorney in a pending criminal case prosecuted by the same State Attorney’s office, are much more prone to ensure speculation and distrust rather than to ensure confidence in our legal system.